Filed 11/12/21  P. v. Jacome CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALEXANDER JACOME,<br><br>    Defendant and Appellant. | D079333<br><br><br>(Super. Ct. No. SCD290183) |

APPEAL from a judgment of the Superior Court of San Diego County, Laura W. Halgren, Judge.  Affirmed.

Alexander Jacome, in pro. per.; and Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Alexander Jacome entered into a plea bargain.  Under the agreement, Jacome pleaded guilty to assault with force likely to produce great bodily injury (Pen. Code,[1] § 245, subd. (a)(4)).  The remaining charge was dismissed,

---

1    All further statutory references are to the Penal Code.

and the parties stipulated to the low term of two years in prison. Jacome was sentenced to two years in prison in accordance with the plea agreement.

Jacome's request for a certificate of probable cause was denied.

Jacome filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Jacome the opportunity to file his own brief on appeal. Jacome has responded by filing a supplemental brief, which we will discuss below.

## STATEMENT OF FACTS

The conviction arises from a guilty plea without an evidentiary hearing. In his change of plea, Jacome admitted that he "unlawfully committed an assault that would likely produce great bodily injury."

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issue that was considered in evaluating the potential merits of this appeal. Whether the record indicates that Jacome was advised of the consequences of pleading guilty and his constitutional rights, and waived those rights, before pleading guilty.

In his supplemental brief, Jacome complains about a number of "issues." His complaints are largely about matters not before us on this record. This is an appeal following a guilty plea which on appeal is not supported by a certificate of probable cause.

2

Jacome alleges he did not get copies of police reports and other discovery material. He complains about the way his counsel handled plea bargaining and asserts counsel was ineffective. He alleges the prosecutor engaged in misconduct in plea bargaining and the trial judge erred in refusing to order modification of his parole conditions. None of Jacome's issues are properly before us on this record. The remedy for the various complaints, if any, is by way of a petition for habeas corpus filed in the Superior Court.

We have independently reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Jacome on this appeal.

## DISPOSITION

The judgment is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:



O'ROURKE, J.



AARON, J.

3